UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
…………………………………………………X

| | |
|---|---|
| AHMED ELSHAMY and EMAD ALI, on behalf of themselves and all others similarly situated, | : : : |
| Plaintiffs, | : |
| v. | : : |
| THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC., ALTAWHID FOOD SUPPLY INC., AHMED ELSAKA, ABDELBASET ELSAYED, and MOHAMED ABOUELENEIN, | : : : : : |
| Defendants. | : : |

**COMPLAINT**

**FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION**

…………………………………………………X

Plaintiffs and AHMED ELSHAMY and EMAD ALI (collectively "Plaintiffs"), by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, against Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC., ALTAWHID FOOD SUPPLY INC., AHMED ELSAKA, ABDELBASET ELSAYED, and MOHAMED ABOUELENEIN (collectively referred to herein as "Defendants") to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to the FLSA and other applicable federal law.

1

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York Labor Law ("NYLL"), including NYLL § 190 et seq., § 650 et seq., including 663(1), and 12 NYCRR § 146. Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid overtime, unpaid spread of hours pay, uniform maintenance pay, reimbursement of costs of purchasing required uniforms, tips/gratuities, interest, reasonable attorneys' fees, liquidated damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663 and the supporting New York State Department of Labor regulations.

3. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of NYLL § 195(1)-(3). Plaintiffs seek, for themselves and all other similarly situated employees, statutory damages, costs, and reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to the NYLL § 198(1-b) and (1-d).

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

3. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper

within this District pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff AHMED ELSHAMY ("Plaintiff ELSHAMY") resides in the County of Queens in the State of New York.

7. Plaintiff ELSHAMY was employed by Defendants as a Food Server/Food Vendor, as described herein, from in or about March, 2012 until March 4, 2018.

8. Plaintiff EMAD ALI ("Plaintiff ALI") resides in the County of Queens in the State of New York.

9. Plaintiff ALI was employed by Defendants as a Food Server/Food Vendor, as described herein, from in or about 2006 until March 4, 2008.

10. Defendant THE HALAL GUYS, INC. is a New York Domestic Business Corporation registered in the State of New York with its principal place of business in Astoria, New York.

11. Defendant ALL 53 SW INC. is a New York Domestic Business Corporation registered in the State of New York with its principal place of business in Astoria, New York.

12. Defendant NIGHT 53 SE INC. is a New York Domestic Business Corporation registered in the State of New York with its principal place of business in Astoria, New York.

13. Defendant ALTAWHID FOOD SUPPLY INC. is a New York Domestic Business Corporation registered in the State of New York with its principal place of business in Astoria, New York.

14. Defendant AHMED ELSAKA ("Defendant ELSAKA") is the owner, manager, and/or operator of Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC.

15. Defendant ELSAKA had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC., including Plaintiffs and others similarly situated, and regularly supervised Plaintiffs and the other employees working for Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC.

16. Defendant ABDELBASET ELSAYED ("Defendant ELSAYED") is the owner, manager, and/or operator of Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC.

17. Defendant ELSAYED had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC., including Plaintiffs and others similarly situated, and regularly supervised Plaintiffs and the other employees working for Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC.

18. Defendant MOHAMED ABOUELENEIN ("Defendant ABOUELENEIN") is the owner, manager, and/or operator of Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC.

19. Defendant ABOUELENEIN had, and has, the power to hire, fire, and set the wages and hours of all the employees of Defendants THE HALAL GUYS, INC., ALL 53 SW

INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC., including Plaintiffs and others similarly situated, and regularly supervised Plaintiffs and the other employees working for Defendants THE HALAL GUYS, INC., ALL 53 SW INC., NIGHT 53 SE INC. and ALTAWHID FOOD SUPPLY INC.

20. Defendants grossed more than $500,000.00 in each of the last six calendar years.

21. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

22. At all times relevant hereto, Defendants employed employees, including Plaintiffs and the FLSA Collective Action Members, who were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

23. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

24. At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3). At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

25. Defendants operate what they call a "world-renowned international restaurant chain" named "The Halal Guys" out of five food-carts and two New York City restaurants.[1]

26. Defendants advertise that their mission is to "delight each of our customers with unparalleled hospitality and mouthwatering food at great prices".[2]

27. To serve their food and drinks, Defendants employed numerous Food Servers/Food Vendors, including the Plaintiffs, members of the FLSA Collective, and the Class Members.

HOURS OF WORK & PAYRATES

28. Defendants operate their food-carts almost twenty-four (24) hours a day.

29. Defendants employed Plaintiffs, members of the FLSA Collective, and the Class Members to work five or six – or sometimes seven - shifts each week.

30. Each day shift was from 10:00 AM until 7:00 PM.

31. Each night shift was from 7:00 PM until 4:15 or 4:30 AM, approximately, on week-days, and until 5:30 AM, or later, on week-ends and holidays.

32. Plaintiffs, members of the FLSA Collective, and the Class Members regularly worked an additional fifteen (15) to sixty (60) minutes beyond the end of their shifts before they were allowed to go home. Plaintiff Ali, for example, regularly drove the food cart from Manhattan to Queens at the end of his night-shift.

33. Plaintiff Elshamy regularly worked six days a week, Friday through Wednesday. His only off day was Thursday. Approximately every two months, Plaintiff Ellshamy would work seven days a week.

---

[1] https://thehalalguys.com/our-story/ - accessed March 30, 2018.
[2] https://thehalalguys.com/our-mission/ - accessed March 30, 2018.

34. Plaintiff Ali regularly worked six days a week, Thursday through Tuesday. His only off day was Wednesday. Approximately every two months, Plaintiff Ali would work seven days a week.

35. Throughout the period covered by this lawsuit, Defendants paid Plaintiffs, the FLSA Collective, and the Class Members weekly salaries based on the number of days they worked that week.

36. Throughout the period covered by this lawsuit, Defendants paid Plaintiffs, the FLSA Collective, and the Class Members weekly salaries of between $650.00 and $1,100.00.

37. Defendants failed to properly track, record, and pay for all of the hours worked by the Plaintiffs, the FLSA Collective and the Class Members.

38. Plaintiffs, the FLSA Collective and the Class Members regularly worked well in excess of forty hours each workweek, yet the Defendants willfully failed to pay them overtime compensation of one and one-half times their regular rate of pay.

39. Defendants' practices resulted in the Plaintiffs, the FLSA Collective and the Class Members, regularly working more than 40 hours a week without being paid their earned overtime premiums, and in them not being compensated for all of the time they worked for Defendants

40. Defendants profited from the extra hours worked by the Plaintiffs, the FLSA Collective and the Class Members, and Defendants should have paid them for this time.

41. Plaintiffs and the Class Members regularly worked a spread of hours in excess of ten hours per day, yet the Defendants willfully failed to pay them spread-of-hours compensation.

42. The Defendants did not launder or maintain the Plaintiffs and the Class Members' required uniforms and the Plaintiff laundered and maintained their required uniforms at their own

expense, and Defendants willfully failed to pay an allowance to the Plaintiffs and the Class Members for uniform maintenance.

43. Defendants required Plaintiffs, the FLSA Collective, and the Class Members to purchase "tools of the trade" with their own funds – including many shirts, sweatshirts, and hats.

44. Plaintiffs and the Class Members purchased required uniforms, and the Defendants failed to reimburse them the total cost of the uniform.

45. Upon information and belief, while the Defendants employed the Plaintiffs, the FLSA Collective and the Class Members, the Defendants failed to post or keep posted notices explaining the rights of employees under the FLSA and NYLL, and the Plaintiffs, the FLSA Collective and the Class Members were uninformed of their rights during such times.

46. Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

47. Defendants illegally regularly received and retained gratuities and tips paid by customers for the Plaintiffs, the FLSA Collective and the Class Members.

48. Defendants unlawfully retained, and distributed these gratuities/tips to their owners and/or management, and did not distribute them to Plaintiffs, the FLSA Collective and the Class Members.

49. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Defendants failed to (i) pay proper overtime premiums for all hours worked in excess of 40 hours in a week, (ii) pay New York's spread of hours premium, and (iii) distribute gratuities/tips to Plaintiffs, the FLSA Collective and the Class Members. Defendants knew that the nonpayment of overtime premiums, tips/gratuities and New York's

spread of hours premium would economically injure Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, and that it violated the FLSA and the NYLL.

50. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs and the Class Members.

## NOTICE VIOLATIONS

51. The Defendants failed to furnish to the Plaintiffs and the Class Members, at their times of hiring, the notices required by NYLL 195(1).

52. For much of the relevant time period, Defendants failed to provide Plaintiffs and the Class Members with the pay statements requirement by NYLL 195(3).

53. Even when Defendants provided pay statements to Plaintiffs and the members of the Class, the pay statements that Defendants provided did not include an accurate number of hours worked.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all Food Servers/Food Vendors who were employed by Defendants on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

55. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

56. Other Food Servers/Food Vendors currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other servers and food-cart workers notice of the action and allow them to opt in to such an action if they so choose.

57. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW**

58. Plaintiffs bring the Second, Third, and Fourth Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, unpaid spread of hours pay, illegally withheld tips/gratuities, unpaid uniform maintenance pay, reimbursement of costs of purchasing required uniforms, liquidated damages, and statutory damages on behalf of a class of all individuals employed by Defendants as Food Servers/Food Vendors on or after the date that is six years before the filing of the original Complaint in this case until the present (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

59. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

60. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are well over forty members of the Class.

61. Plaintiffs' claims are typical of the claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not properly compensated for all overtime hours worked and for spread of hours pay and for uniform maintenance pay and reimbursement of costs of purchasing required uniforms, and that Defendants illegally withheld their tips/gratuities. Moreover, all of the Class members were subject to Defendants' policies of failing to give the Class Members the required NYLL §195(1) forms at their hiring and failing to give the Class Members pay statements required by NYLL § 195(3). Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

62. As fellow employees of Defendants, which failed to compensate Plaintiffs and the Class Members as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

63. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation who have many times previously represented plaintiffs in wage and hour class cases.

64. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

65. Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future

12

employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

66. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

   a   Whether Defendants failed to pay Class Members one and one half times their regular hourly rates, as required by 12 NYCRR § 146-1.4, for all hours worked in excess of forty (40) in a workweek;

   b   Whether Defendants paid spread of hours premium to the Class Members for all days on which the Class Members' spread of hours exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6;

   c   Whether Defendants failed to pay Class Members the required uniform maintenance pay and reimbursement of costs of purchasing required uniforms, in violation of 12 NYCRR § 146-1.7 and 1.8;

   d   Whether Defendants illegally withheld/retained, and failed to pay Class Members their, tips/gratuities;

   e   Whether Defendants provided written notices to the Class as required by 12 NYCRR § 146-2.2 and NYLL § 195(1); and

   f   Whether the pay statements that Defendants issued to the Class violated 12 NYCRR § 146-2.3 and NYLL § 195(3).

67. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants shall retain the proceeds of its violations of the NYLL.

## **FIRST CAUSE OF ACTION**

**(Fair Labor Standards Act, Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)**

68. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

69. Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b). See Exhibit "A" attached hereto.

70. At all times relevant hereto, the Plaintiffs and the FLSA Collective Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

71. The Defendants willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the Plaintiffs and the FLSA Collective Plaintiffs at a rate not less than one and one-half times their regular rates of pay for <u>all</u> work performed in excess of forty hours in a workweek.

72. Defendants are liable to the Plaintiffs and the FLSA Collective Plaintiffs for unpaid overtime compensation.

73. The Plaintiffs and the FLSA Collective Plaintiffs are further entitled to recover of the Defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

74. At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the overtime compensation owed to their employees for all hours worked in excess of forty hours per workweek.

75. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutorily required overtime rates for all hours worked in excess of forty (40) hours per workweek.

76. Defendants' violation was willful and a three year limitations period should apply under 29 U.S.C. § 255(a).

77. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

**(NYLL - Failure to Pay Spread of Hours Pay & Overtime Wages & Costs of Uniform, Brought by Plaintiffs on Behalf of Themselves and the Class)**

78. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

79. At all relevant times, Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL §651(5)–(6) and 12 NYCRR § 146-3.2.

80. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

81. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

82. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

83. The Defendants violated and are violating the Plaintiffs' and the Class Members' rights by failing to pay or underpaying Plaintiffs and the Class Members the required overtime wages, in violation of NYCRR § 146-1.4.

84. The Defendants violated and are violating the Plaintiffs' and the Class Members' rights by failing to pay or underpaying Plaintiffs and the Class Members the required spread of hours pay, in violation of NYCRR § 146-1.6.

85. The Defendants violated and are violating the Plaintiffs' and the Class Members' rights by failing to reimburse Plaintiffs and the Class Members for their uniform maintenance pay and costs of purchasing required uniforms, in violation of NYCRR § 146-1.7 and 1.8.

86. Defendants' failure to pay the Plaintiffs and the Class Members the foregoing amounts timely is a violation of NYLL § 191.

87. By NYLL §§ 198(1-a) and 663(1), the Defendants are liable to the Plaintiffs and the Class Members for unpaid or underpaid (1) overtime compensation, (2) spread-of-hours wages, and (3) uniform maintenance pay and costs.

88. The Plaintiffs and the Class Members are further entitled to recover of the Defendants liquidated damages, pursuant to the Wage Theft Prevention Act, NYLL § 198(1-a) and the Minimum Wage Act, NYLL § 663(1).

89. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

90. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid overtime compensation, spread of hours pay, uniform maintenance pay and costs of purchasing, liquidated damages, prejudgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**(Illegal Tip Deductions, Brought by Plaintiffs on Behalf of Themselves and the Class)**

91. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

92. Defendants violated §196-d of the NYLL by unlawfully retaining, and failing to distribute to Plaintiffs and the Class, Plaintiffs' and the Class Members' tips and gratuities, instead distributing them to Defendants' owners, managers and/or other employees who were not entitled to them.

93. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs and the Class Members have sustained damages, including the loss of earnings, in an amount to be established at trial.

94. Due to Defendants' NYLL violations, Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective tips and gratuities, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs, as provided by the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION

**(Wage Theft Prevention Act, Brought by Plaintiffs on Behalf of Themselves and the Class)**

95. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

96. The Defendants failed to furnish to the Plaintiffs and the Class Members, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

97. The Defendants failed to furnish to the Plaintiffs and the Class Members with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and NYCRR § 146-2.3.

98. Defendants violated NYLL **§** 195(1) and (3) and consequently owe Plaintiffs and the Class Members statutory damages as specified by NYLL § 198(1-d).

99. Plaintiffs, on behalf of themselves and the Class Members, seek statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and the Class Members, pray for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of the Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

(c) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it relates to the Second, Third, and Fourth Causes of Action;

(d) Certification of Plaintiffs as class representatives and designation of Plaintiffs' counsel as class counsel;

(e) An award of unpaid overtime compensation, tips and gratuities, and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(f) Statutory damages under NYLL § 198(1-b) and (1-d) for violations of NYLL § 195(1) and (3);

(g) Costs of action incurred herein, including expert fees;

(h) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663;

(i) Pre-Judgment and post-judgment interest, as provided by law; and

(j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: April 19, 2018

HARRISON, HARRISON & ASSOCIATES, LTD.

____/s/DAVID HARRISON_____
David Harrison, Esq.
nycotlaw@gmail.com
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
*Attorneys for Plaintiffs and the Proposed FLSA Collective and Class Members*